20 423
107m 82

STATE OF MISSOURI, Respondent, v. GEORGE SUESS, Appellant.

### Kansas City Court of Appeals, January 25, 1886.

CRIMINAL LAW—INDICTMENT UNDER DRAMSHOP ACT—SALE BY DRUGGIST—CASE ADJUDGED.—Where one is indicted for a violation of the dramshop act, he cannot escape the penalty imposed by that act, by showing that the act committed by him was also in violation of another statute. The act of 1881 (Laws of 1881, p. 130), regulating the sale of medicines, etc., by druggists, etc., does not define the term "druggist" in express terms, but, by implication, it declares that no one shall be so regarded unless registered as such, under its provisions; but it also provides that one not a druggist may own or conduct such store, if he keep constantly in his employ a competent druggist, or pharmacist. Unless one or the other of these facts is shown, the sale is not within the protection of the statute; and, in this case, neither was shown.

APPEAL from Carroll Circuit Court, HON. JAMES M. DAVIS, Judge.

*Affirmed.*

Statement of case by the court.

The defendant was indicted for selling, in 1884, intoxicating liquors in less quantity than one gallon, to-wit, one-half pint of whiskey, "without taking out or having a license as a dramshop keeper, or any other authority to sell the same."

The case was tried by the court sitting as a jury.

It is recited in the bill of exceptions as follows:

"It is agreed that Shelton, Suess, the defendant, and others, testified as follows: 'That defendant sold the liquor, at the time and place mentioned in the indictment; that he sold it for medical purposes, on the written prescription of a regularly licensed and practicing physician; that the defendant had, at the time, a merchant's license; that he was running what is commonly called a drug store, with a full line of drugs and

medicines; that defendant was not a licensed and registered druggist under the laws of this state regulating the licensing of druggists and pharmacists.'"

This seems to have been the whole evidence in the case.

The defendant asked the court to declare the law to be:

"If the court find from the evidence that the defendant, at the time charged in the indictment, was a dealer in drugs and medicines, at his store, in said county of Carroll, and constantly kept on hand at his store aforesaid, a general stock of drugs and medicines, and had, at the time, a merchant's license, in due form, and that he sold the liquor at the time and place described in the indictment, for medicinal purposes, on the written prescription of a regularly licensed and practicing physician, in good faith, then the defendant is not guilty. Although the court may further find from the evidence that the defendant was not at that time a licensed pharmacist or druggist under the laws of this state regulating the sales of drugs and medicines. And, also, may find that he did not keep, or have in his store, a licensed pharmacist or druggist."

This declaration of law the court refused to give, and found the defendant guilty.

Henry Wollman, for the appellant.

I. Under the law in force in 1879 (section 5474, Revised Statutes), any dealer in drugs, having merchant's license, had the right to sell liquor when prescribed by a physician. In 1881 it was made unlawful for any one to conduct a pharmacy, etc., unless registered, but provided that any person not a pharmacist, might conduct a drug store, if he constantly kept in his employment a registered pharmacist (Laws of 1881, p. 130), but prohibited them from selling or giving away liquors as a beverage. In 1883 (Laws of 1883, p. 88), sales were prohibited except on written prescription of a physician.

II. Defendant is indicted for selling liquor without

a dramshop license. If he has committed any offence, it is in conducting the business of a druggist without being registered as such—an entirely distinct and separate offence. The dramshop law was not intended to regulate anything but the sale or use of liquors as a beverage. Defendant indicted *under it*, was tried for carrying on the business of a *druggist* without being registered. This it was not competent for the state to do.

III. The only offence, under the law, is selling "*intoxicating* liquors" without license. It was necessary for the state to show this. The state, under its own evidence, failed to prove a case of selling "intoxicating liquor," or even the nature or kind of "liquor" sold by defendant.

No brief on file for the respondent.

HALL, J.—The evidence showed a sale by defendant of intoxicating liquor in less quantity than one gallon. The indictment alleged a sale of a half pint of whiskey, and the evidence showed a sale by defendant of "the liquor, at the time and place mentioned in the indictment."

The evidence having shown a sale of the intoxicating liquor by the defendant, it devolved upon him to show legal authority to make the sale. Wharton's Crim. Law, sects. 708 and 2434. The sale of intoxicating liquor by defendant in a quantity less than one gallon without a license as a dramshop keeper was a violation of the dramshop act, unless the sale was made under such circumstances as to bring it within the protection of some other statute. The defendant, having been indicted for a violation of the dramshop act, it is very plain that he could not escape the penalty, imposed by that act, by showing that the act committed by him was, also, in violation of another statute. The sale by defendant having been in violation of the dramshop act, he must suffer the penalty of that act, unless the sale was made by him under the protection of some other statute.

The defendant insists that the sale by him was under the protection of the statute of this state relating to the sale of intoxicating liquors by druggists. The act of 1879 relating to that subject was repealed by the act of 1881, entitled "An act to regulate the sale of medicines and poisons by druggist and pharmacists." Laws of 1881, p. 130; *State v. Roller*, 77 Mo. 120. The act of 1881 does not define the term "druggist" in express terms, but "it, by implication, declares that no one shall be so regarded unless registered as such under its provisions." *State v. Roller, supra.* By section five of the act of 1881, it is provided that "any person or persons not a pharmacist or druggist, may own and conduct such store if he or they keep constantly in his or their employ a competent pharmacist or druggist." By the subsequent act of 1883, relating to said subject (Laws of 1883, p. 89), the act of 1881, in the above named respect, is not affected. In that respect the act of 1881 was still the law, at the time of the sale by defendant. In order, therefore, to bring the sale by him within the protection of the statute relating to the sale of intoxicating liquors by druggists it was necessary for the defendant to show that he was a duly registered druggist or pharmacist, or that he kept constantly in his employ a duly registered druggist or pharmacist. The defendant failed to show either. The court properly refused the declaration of law, and, on the evidence, properly found the defendant guilty.

Judgment affirmed. All concur.